**FILED**

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JAN -9 2008

CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CR. NO. 2:08-CR-5-WKW |
| v. | ) | |
| | ) | [18 USC 922(g)(1); |
| CURTIS PORTERFIELD | ) | 18 USC 924(c)(1)(A)(i); |
| | ) | 21 USC 841(a)(1)] |
| | ) | |
| | ) | INDICTMENT |

The Grand Jury charges:

## COUNT 1

On or about September 8, 2006, in Lowndes County, within the Middle District of Alabama,

**CURTIS PORTERFIELD,**

defendant herein, having been convicted of the following felony offenses, crimes punishable by imprisonment for a term exceeding one year under the laws of the State of Alabama, to-wit:

1) March 14, 1983, Burglary Third, case number CC 82-50, in the Circuit Court of Lowndes County, Alabama;

2) March 14, 1983, Burglary Third, case number CC 82-51, in the Circuit Court of Lowndes County, Alabama;

did knowingly possess in and affecting commerce firearms, to-wit:

1) a Revelation, model 350 Series M, 16 gauge shotgun;

2) a Norinco, SKS, 7.62 mm rifle; and

3) an Amadeo Rossi, .38 caliber handgun,

better descriptions of which are unknown to the grand jury, in violation of Title 18, United States Code, Section 922(g)(1).

## COUNT 2

On or about February 24, 2007, in Lowndes County, within the Middle District of Alabama,

CURTIS PORTERFIELD,

defendant herein, having been convicted of the following felony offenses, crimes punishable by imprisonment for a term exceeding one year under the laws of the State of Alabama, to-wit:

1) March 14, 1983, Burglary Third, case number CC 82-50, in the Circuit Court of Lowndes County, Alabama;

2) March 14, 1983, Burglary Third, case number CC 82-51, in the Circuit Court of Lowndes County, Alabama;

did knowingly possess in and affecting commerce a firearm, to-wit: an Amadeo Rossi A (Interarms), Model M971, .357 caliber magnum revolver, a better description of which is unknown to the grand jury, in violation of Title 18, United States Code, Section 922(g)(1).

## COUNT 3

On or about February 24, 2007, in Lowndes County, within the Middle District of Alabama,

CURTIS PORTERFIELD,

defendant herein, did knowingly and intentionally possess with intent to distribute cocaine base, commonly known as "crack cocaine," a Schedule II Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1).

## COUNT 4

On or about February 24, 2007, in Lowndes County, within the Middle District of Alabama,

CURTIS PORTERFIELD,

defendant herein, knowingly used and carried a firearm, to wit, an Amadeo Rossi A (Interarms), Model M971, .357 caliber magnum revolver, during and in relation to, and possessed said firearm in furtherance of, a drug trafficking crime for which he may be prosecuted in a Court of the United States, to-wit: possession with intent to distribute cocaine base, commonly known as "crack

cocaine," as charged in Count 4, in violation of Title 18, United States Code, Section 924(c)(1)(A)(I).

## COUNT 5

On or about October 24, 2007, in Lowndes County, within the Middle District of Alabama,

CURTIS PORTERFIELD,

defendant herein, having been convicted of the following felony offenses, crimes punishable by imprisonment for a term exceeding one year under the laws of the State of Alabama, to-wit:

1) March 14, 1983, Burglary Third, case number CC 82-50, in the Circuit Court of Lowndes County, Alabama;

2) March 14, 1983, Burglary Third, case number CC 82-51, in the Circuit Court of Lowndes County, Alabama;

did knowingly possess in and affecting interstate commerce a firearm, to-wit: a Smith and Wesson, Model Lady Smith, .357 Magnum Revolver, a better description of which is unknown to the grand jury, in violation of Title 18, United States Code, Section 922(g)(1).

## FORFEITURE ALLEGATION

A. Counts 1 through 5 of this indictment are hereby repeated and incorporated herein by reference.

B. Upon conviction for any violation as alleged in Counts 1, 2, 3 or 5 of this indictment, the defendant,

CURTIS PORTERFIELD,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924 and Title 28, United States Code, Section 2461(c), all firearms and ammunition involved in the commission of such offense or offenses, including but not limited to the following:

Hi Point, Model JHP, .45 caliber pistol;

3

    Hi Point, Model JHP, .45 caliber pistol;

    Ruger, Model Super Black Hawk, .45/.454 caliber revolver;

    New England Firearms, Model Pardner Pump, 12 gauge shotgun;

    Jennings, Model Bryco 59, 9mm pistol;

    Stevens, Model 62, .22 caliber rifle.

  C. If any of the property described in this forfeiture allegation, as a result of any act or omission of the defendant:

    (1) cannot be located upon the exercise of due diligence;

    (2) has been transferred, sold to, or deposited with a third person;

    (3) has been placed beyond the jurisdiction of the court;

    (4) has been substantially diminished in value; or,

    (5) has been commingled with other property which cannot be divided without difficulty, the United States, pursuant to Title 21, United States Code, Section 853, as incorporated by Title 28, United States Code, Section 2461(c), intends to seek an Order of this Court forfeiting any other property of said defendant up to the value of the property described in the above paragraphs.

4

A TRUE BILL:

_____
Foreperson

_____
LEURA G. CANARY
UNITED STATES ATTORNEY

_____
John T. Harmon
Assistant United States Attorney

_____
Matthew W. Shepherd
Assistant United States Attorney